IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie Geiger, Jr., | ) Civil Action No.: 2:14-3733-BHH |
| | ) |
| Petitioner, | ) |
| | ) **ORDER AND OPINION** |
| v. | ) |
| | ) |
| Director, Lexington County Detention | ) |
| Center, | ) |
| | ) |
| Respondent. | ) |

The petitioner, a state prisoner proceeding *pro se*, filed this action seeking habeas relief pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for a Report and Recommendation. On February 4, 2015, the respondent filed a letter from M. Richbourg Roberson, General Counsel for the Office of the Sheriff of Lexington County. (ECF No. 21.) Since the petitioner is *pro se* in this matter, the Court entered an order on February 10, 2015, giving the petitioner through March 12, 2015, to file a response to the respondent's letter, asking for him to "show cause why his § 2241 petition should not be dismissed as moot." (ECF No. 24.) The Petitioner was specifically advised that if he failed to respond, this action would be dismissed with prejudice for failure to prosecute. The petitioner failed to file a response. Thus, Magistrate Judge Baker recommended that this action be dismissed for lack of prosecution and for failure to comply with this Court's orders. (ECF No. 29.)

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of any

portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).  The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

The Magistrate Judge advised the petitioner of his right to file specific objections to the Report.  (ECF No. 29 at 3.)  On May 1. 2015, the envelope that was mailed to the Lexington County Detention Center containing the petitioner's copy of the Report and Recommendation (ECF No. 29) was returned to the Clerk of Court, marked "Return to Sender, Attempted -not known, Unable to Forward."  (ECF No. 31.)  A review of the docket reflects that the petitioner was sent mail at multiple institutions based on information obtained from the SCDC Inmate locator.  (ECF Nos. 26, 27, 28, 30.)  The petitioner was even mailed a notice of change address form on February 5, 2015, but a change of address was never received from the petitioner.  (ECF No. 23.) The petitioner was advised by order filed September 24, 2014, of his responsibility to notify the Court in writing if his address changed and that his case could be dismissed for failing to comply with the Court's order.  (ECF No. 5 at 2.)    After  a  thorough review of the record of this matter, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 29) by reference into this order.

It is therefore ORDERED that this action be dismissed *with prejudice* for lack of

prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).  *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

IT IS SO ORDERED.

/s/ Bruce Howe Hendricks
United States District Judge

Greenville South Carolina
May 5, 2015

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.